**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                          No. 00-4322

RONALD LEE MORGAN,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-30)

Submitted: November 28, 2000

Decided: December 20, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jerry W. Kilgore, Christopher R. Nolen, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ronald Lee Morgan was convicted by a jury of two counts of making false statements on Mine, Safety, and Health Administration forms, 18 U.S.C.A. § 1001 (West 2000). The district court imposed a sentence of eighteen months imprisonment. Morgan appeals his sentence, contending that the district court clearly erred in finding that his offense involved the conscious or reckless risk of serious bodily injury. *See U.S. Sentencing Guidelines Manual* § 2F1.1(b)(6)(A) (1998). We affirm.

Beginning in 1978, Morgan worked as an inspector for the Mine, Safety, and Health Administration in Virginia (MSHA). One of his duties was to perform annual sampling of dust in coal mines over an eight-hour period to determine the amount of respirable dust in the air in the mine. Coal dust and silica dust in the air in coal mines may cause pneumoconiosis (black lung disease) in miners. While mine operators are required to conduct dust sampling every two months and to send the sampling cassettes to the MSHA lab, the annual MSHA samples are necessary to determine independently the dust level in the mine at least once a year because mine operators have been known to submit falsified dust samples. In 1994, the MSHA district manager for Virginia instituted a policy requiring MSHA inspectors to travel underground with the sampling units, to remain underground during the eight-hour testing period to make sure that the sampling units are in the proper places, to move around the area being inspected to ensure that a representative sample is properly taken, and to bring the units up at the end of the eight-hour period.

On May 13, 1997, Morgan was scheduled to perform the annual dust sampling at Solus Coal Number One mine. Morgan's official inspection notes (MSHA Form 7000-10J) show that he went underground at 6:30 a.m. and stayed underground until 2:30 p.m., performing various checks. He stated on his time and activity sheet (MSHA Form 2000-60) that he was underground at the Solus mine for eight hours on May 13, 1997. However, Buster Lamie, the mine foreman, testified that Morgan did not go underground at 6:30. Instead, Lamie said Morgan gave the dust pumps to him and the other miners with

instructions as to where to place them. Lamie testified that Morgan came underground after 8:00 a.m., spent a few hours underground during the morning, and went back up before lunch, telling Lamie to collect the dust pumps for him if he did not return. Lamie brought the pumps to the surface at the end of the shift. Lamie testified that he followed Morgan's instructions, and that, as far as he knew, the pumps were not tampered with, although he had been concerned that the dust pumps were not sampled within two hours after they were turned on underground, as they should have been.

In sentencing Morgan, the district court determined that, by failing to conduct the dust sampling as he was required to do, Morgan had created a reckless risk of serious bodily injury to the miners. The court thus enhanced Morgan's offense level by seven levels pursuant to USSG § 2F1.1(b)(6)(A). The district court's determination that the defendant has recklessly created a risk of serious bodily injury is a factual determination reviewed for clear error. *United States v. Turner*, 102 F.3d 1350, 1357-58 (4th Cir. 1996) (affirming enhancement where mine owners made false statements on MSHA forms certifying that miners had received required safety training).*

Morgan argues on appeal that his actions were not reckless because he took steps to insure that the tests were done properly and because there was no evidence that any actual risk or injury resulted or that the lack of one sampling could cause serious bodily harm. His argument is based on the assumption that the miners to whom Morgan entrusted the dust pumps placed and operated the pumps exactly as he would have done throughout the eight-hour sampling period. But MSHA has its own inspector conduct an annual inspection because it has not always found mine personnel reliable in such matters in the past. Consequently, for Morgan to rely on the miners to conduct the sampling, even in part, was to create a risk that the test would be falsified or improperly done, and that, as a result, the miners would be exposed to unacceptable levels of respirable dust during the following year. Because he did not monitor the sampling as he should have done, the results were unreliable. Moreover, even if the sampling was actually done correctly, Morgan's conduct created a risk that the tests

---

*When *Turner* was decided, the enhancement was prescribed in USSG § 2F1.1(b)(4)(A).

would not be done correctly. The risk was recklessly created because Morgan was well-informed about the risk, about the reasons for testing by MSHA inspectors, and about the policy requiring his continuous presence in the mine to properly conduct the sampling.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*